FILED

2013 Jul-17  AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARAN SANDERS, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-12-S-3682-S |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Sharan Sanders commenced this action on October 23, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ failed to consider all the medical evidence of record and failed to consider the combined effect of all of claimant's impairments on her ability to perform work activities. Upon review of the record, the court concludes these contentions are without merit.

First, claimant asserts that the ALJ failed to acknowledge the majority of the medical evidence in the record, and also that he failed to properly evaluate or explain the weight afforded to each piece of evidence.

> The ALJ must "carefully weigh evidence, giving individualized consideration to each claim that comes before him." *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996). The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1557 (11th Cir. 1995)). *Id.* The ALJ's decision need not be a "broad rejection which does not enable this Court to conclude that the ALJ considered the claimant's medical conditions as a whole." *Id.* Moreover, an ALJ can rely on a non-examining physician's report in denying disability insurance benefits where the non-examining physician's report does not contradict information in the examining physician's reports. *Edwards v. Sullivan*, 937 F.2d 580, 584–85 (11th Cir. 1991).

*Randolph v. Astrue*, 291 F. App'x 979, 982 (11th Cir. 2008).

Here, it is true that the ALJ did not provide a detailed summary of all of the medical evidence, and he did not specifically refer to every piece of medical evidence in the record.  Even so, that does not necessarily mean that the ALJ failed in his duty to consider all of the evidence.  To the contrary, the ALJ specifically discussed claimant's musculoskeletal and eye impairments in his administrative decision.[1]  In crediting the consultative examination report from Dr. Bruce Romeo, the ALJ stated that Dr. Romeo's opinions were "consistent with the treating source records and the objective medical evidence."[2]  The ALJ's decision is sufficient to enable this court to determine that the ALJ properly evaluated all of the pertinent medical evidence as a whole.

The ALJ also observed that the record did not "contain an *opinion* from a treating physician that indicates the claimant has greater restriction or limitations than those included within her residual functional capacity."[3]  That observation is significant because claimant has not pointed to any medical *opinion* about her actual functional limitations that the ALJ supposedly failed to consider, or to assign weight

---

[1] Tr. 39-40.  *See also* Tr. 41 ("The record is devoid of any objective evidence, which indicates that the claimant has an impairment related to her knees.").

[2] Tr. 41-42.

[3] Tr. 42 (emphasis supplied).

to.  Instead, claimant has pointed only to certain examination and treatment records from claimant's physicians that supposedly did not receive the ALJ's proper consideration.  That evidence indicates that claimant suffered from conditions such as glaucoma, wrist pain, and status post shoulder surgery, but none of the evidence actually indicates that she suffered functional limitations greater than those identified by the ALJ.  Thus, even if the ALJ did fail to properly discuss some portions of the medical evidence, any error on his part was harmless.  *See, e.g., Wright v. Barnhart,* 153 F. App'x 678, 684 (11th Cir. 2005) (holding that, even if an ALJ fails to state the weight afforded to physicians' opinions, any resulting error is harmless if those opinions do not contradict the ALJ's findings).

Additionally, the court concludes that the ALJ properly considered the combined effect of all of claimant's impairments.  Social Security regulations state the following with regard to the Commissioner's duty in evaluating multiple impairments:

In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will

determine that you are not disabled.

20 C.F.R. § 1523. *See also* 20 C.F.R. §§ 404.1545(e), 416.945(e) (stating that, when the claimant has any severe impairment, the ALJ is required to assess the limiting effects of *all* of the claimant's impairments — including those that are not severe — in determining the claimant's residual functional capacity).

Claimant asserts that the analysis by the ALJ in this case "stop[ped] at whether Plaintiff's impairments meet the Listings, again failing to consider records from Cooper Green Hospital as to additional severe impairments, including glaucoma."[4] The record simply does not support that argument. To the contrary, the ALJ considered claimant's musculoskeletal condition and glaucoma; he just did not find those conditions to constitute severe impairments.[5] The ALJ also entered a finding that claimant did not have an impairment *or combination of impairments* that met or medically equaled one of the listed impairments, and he stated that he had considered all of claimant's symptoms.[6] Under Eleventh Circuit law, statements of that sort are sufficient to indicate that the ALJ properly considered all of claimant's impairments. *See Wilson v. Barnhart,* 284 F.3d 1219, 1224 (11th Cir. 2002); *Jones v. Dept. of Health and Human Services,* 941 F.2d 1529, 1533 (11th Cir. 1991).

---

[4] Doc. no. 8 (claimant's brief), at 8 (alteration supplied).

[5] *See* Tr. 39-40.

[6] Tr. 40.

5

In accordance with all of the foregoing, the court concludes that the ALJ's decision was supported by substantial evidence and in accordance with applicable legal standards.   Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 17th  day of July, 2013.

United States District Judge